STATE v. GEORGE ARNOLD.

(*May* 11, 1942.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*James R. Morford,* Attorney-General, and *William J. Storey,* Deputy Attorney-General, for the State.

*Caleb M. Wright* and *Howard M. Long* (of Philadelphia, Pa.) for the defendant.

Court of Oyer and Terminer for Kent County, April Term, 1942.

LAYTON, Chief Justice, charged the jury, in part, as follows:

George Arnold, the defendant is charged in the indictment before you with the crime of involuntary manslaughter as a result of the death by drowning in the Delaware Bay of one John Fritz, on July 11, 1941.

The State has offered evidence tending to show that on that day about 7:45 in the morning, the defendant was the Captain of and in personal charge of a tugboat having in tow a barge proceeding in a southerly direction down the Bay to Milford, Delaware; that the length of the towing hawser was about two hundred feet; that at the time the deceased was fishing from a fishing boat anchored at a short

distance from a wreck called the "Mohawk;" that the sun was shining, visibility good, the wind from the south and the tide at full flood; that when the tug and tow passed the "Mohawk," the defendant took a course which would bring them close to the anchored fishing boat; that when the tug had passed the fishing boat, the defendant, without making certain that the tow had passed it also, changed his course to the southwest, and this change of course brought the tow in such position that the hawser passed over the fishing boat, whereby the deceased was thrown into the Bay, either as a result of having been struck by the hawser or by the impact of the subsequent collision of the tow with the fishing boat, and was drowned.

The State contends, therefore, that, in the circumstances shown, the conduct of the defendant amounted to criminal negligence, and that he is guilty of involuntary manslaughter as charged in the indictment.

The defendant admits that he was at the wheel of the tug and was responsible for the management of the tug and tow. On his behalf testimony was offered tending to show that the towing hawser was 300 to 400 feet in length; that after the tug and tow had passed the "Mohawk" a short distance, the defendant changed his course from a general southerly direction to a West South West course and maintained that course; that the tug passed the fishing boat in plenty of safety at a distance of three or four hundred feet, and the defendant then paid no further attention to the fishing boat. The defendant's contention is that, at the most, he erred in judgment, but was in no sense guilty of such negligence as is punishable criminally.

These, briefly, are the respective contentions of the State and the defendant.

Involuntary manslaughters fall into two classes: First, where a person in doing an unlawful act not in itself

felonious or tending to great bodily harm, undesignedly kills another; Second, where a person in doing an act entirely lawful in itself, but without proper care and caution, undesignedly kills another.

It will be seen, therefore, that the second class of involuntary manslaughters comprehends acts of negligence causing death where, although there was no intent or purpose to take life, yet there was some act of commission or omission endangering the life or safety of another; and it is this form of involuntary manslaughter that is charged in the indictment. It is, of course, entirely lawful to operate a tug and tow on the Delaware Bay, but the operation must be conducted with proper care and caution, and want of care may be such as to amount to criminal negligence, dependent on the facts and the applicable law.

Negligence, generally, is the failure to exercise that degree of care and caution which a reasonably prudent and careful person would exercise in similar circumstances. The standard of care to which every person is held by the law is not to be determined by the judgment of the person charged with the negligence, but it is that standard which is found in the conduct of a reasonably prudent person in like circumstances; and it is for the Jury to say, not the defendant, whether the defendant's conduct in the particular case was that of a reasonably prudent and careful person.

Negligence, generally speaking, is negative in character, and implies non-feasance. Its distinguishing characteristic is thoughtlessness, inattention, or inadvertence. While a mere negligent act of commission or omission may well be the basis of a civil action for damages, not all negligent acts resulting in injury or death are punished criminally. The criminal law demands that the negligence be of such degree as to evidence a reckless disregard for the life or safety of others within the range of the negligent

conduct, or, as is sometimes expressed, to evidence a conscious indifference to consequences. If a person in doing an act, or pursuing a course of conduct, knows, or as a reasonable person should know, that his conduct will likely cause injury or death to another, and with that knowledge, actual or imputed, he persists in such conduct, such person is acting in reckless disregard for the safety of others; and it is for you to say whether the conduct of the defendant, in operating the tug and tow, under the law and the facts as you shall find them to be, amounted to a reckless disregard for the life and safety of the deceased, or whether the defendant's conduct was merely negligent conduct, without more, or not negligent at all.

In arriving at your conclusion, you should consider carefully the proved facts and circumstances, the weather, wind, tide, conditions of visibility, length of hawser, position of the fishing boat and the course of the tug and tow; and all this in connection with certain principles of law applicable to maritime affairs.

For the purposes of navigation and where the tow has no steering gear, as was the case of the tow here, the tug and tow are regarded as a single vessel. The tug is bound to know the conditions of navigation peculiar to the locality, the weather conditions, and the strength of currents and condition of tides. The tug must keep the tow in control and pay close attention to it; and when meeting or attempting to pass other vessels, a tug should shape her course so as to carry herself and her tow free, and it is not sufficient that the tug alone passes in safety. The tug must give sufficient room to other vessels, must take timely precautions, and must not approach so near as to cause a collision between the tow and another vessel as a result of the wind or tide setting the tow and such other vessel together. When a vessel is at anchor in a proper place, and is struck by a moving vessel, the moving vessel is presumptively at fault,

but the presumption goes no further than ordinary negligence. The moving vessel must avoid one at anchor, if reasonably practicable, and passing vessels with tows should give the anchored vessel a sufficiently wide berth to pass by with the tow in safety, always taking into consideration a change of course, the effect of the wind and tide, and such other contingencies and navigation as may be reasonably anticipated.

The defendant, as has been said, admits that he was in charge of the tug and tow and that he was responsible for their management. It is not denied that the towing hawser passed over the fishing boat on which the deceased was, nor that the tow collided with the barge, nor that the deceased was thrown into the water and was drowned. But, it is incumbent on the State to prove to your satisfaction beyond a reasonable doubt that the defendant not only was negligent in omitting to observe those precautions which all persons lawfully on the Delaware Bay, and in particular, the deceased, were entitled to have observed for their safety, but also that such omission, or negligence amounted to a reckless disregard for the safety of such other persons; and further, that such omission of duty, or negligence was the proximate or efficient cause of the death of the deceased.

If you shall be so satisfied, your verdict should be guilty. On the other hand, if you shall be satisfied that the negligence of the defendant, if any, did not amount to a reckless disregard for the safety of others, or if you shall entertain a reasonable doubt thereupon, your verdict should be not guilty.